IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE TIMOTHY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-1114-M |
| | ) |
| MIKE MULLIN, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION
ON THE ISSUE OF TIMELINESS**

Mr. George White seeks habeas relief in connection with a state court conviction, and the Respondent moves for dismissal or summary judgment on grounds of timeliness.[1] The Court should grant the motion for summary judgment.

Background

Mr. White entered a guilty plea in state district court on October 21, 2008. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Oct. 13, 2010) ("Petition"). On April 23, 2010 - 550 days later - the Petitioner filed an application for post-conviction relief in an effort to obtain leave to appeal out of time. *Id.* at p. 3; *see also* Application for Post-Conviction Relief Appeal Out of Time, *White v. State*,

---

[1] The Respondent filed a motion to dismiss, but relied on evidence outside of the habeas petition. Accordingly, the Court converted the motion to one for dismissal or summary judgment. Order at p. 1 (Nov. 5, 2010); *see Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (discussing conversion of a motion to dismiss in a habeas proceeding).

Case No. CF-2007-5546 (Okla. Co. Dist. Ct. Apr. 23, 2010). The state district court denied relief,[2] and the Oklahoma Court of Criminal Appeals affirmed.[3]

Mr. White filed the present habeas petition on October 8, 2010.[4]

## Standard for Summary Judgment

Federal statutory law does not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion. *See* Fed. R. Civ. P. 81(a)(4).

The applicable rule is Fed. R. Civ. P. 56(c). Under this rule, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Ordinarily, "[t]he state bears the burden of proving that the [Antiterrorism and Effective Death Penalty Act of 1996] limitations period has expired." *Fleming v. Evans*, 481 F.3d 1249, 1257 (10th Cir. 2007) (citation omitted). But when the evidence would otherwise

---

[2] *See* Petition at p. 3.

[3] *See* Order Affirming Denial of Post-Conviction Relief at pp. 1-2, *White v. State*, Case No. PC-2010-580 (Okla. Crim. App. Sept. 16, 2010).

[4] The petition is deemed "filed" when Mr. White had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Petitioner verifies that date as October 8, 2010. Petition at p. 8.

indicate expiration of the limitations period, the Petitioner would acquire the burden to establish a genuine issue of material fact on tolling.[5]

## Timeliness of the Present Action

Under any reasonable view of the evidence, the habeas claim would be untimely.

I.  The Limitations Period

In federal habeas actions, the statute of limitations provides in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).

II. Mr. White's Failure to Timely File the Habeas Petition

As noted above, the Petitioner entered a guilty plea on October 21, 2008. *See supra* p. 1. Mr. White then had ten days to file a motion to withdraw the plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. Because the Petitioner did not move for withdrawal of the plea or seek *certiorari* within that time-period,[6] the conviction became

---

[5] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing [the relevant elements]."); *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1269 (10th Cir. 1996) (holding that the claimant bore the burden to avoid summary judgment by establishing a genuine issue of material fact regarding tolling).

[6] *See supra* p. 1.

3

"final" on October 31, 2008.[7]  Thus, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period would have expired on November 2, 2009.[8]

Mr. White is not entitled to statutory tolling or equitable tolling.

Ordinarily, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2).  However, Mr. White waited until April 23, 2010, to apply for post-conviction relief.  *See supra* p. 1. By this time, the limitations period would already have expired in the absence of equitable tolling.  *See id.* p. 4.  Accordingly, the filing of the post-conviction application did not toll the limitations period under 28 U.S.C. § 2244(d)(2).[9]

The limitations period may be subject to equitable tolling.[10]  But this form of tolling is only available when an extraordinary circumstance stood in the petitioner's way and

---

[7] *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

[8] Without tolling, the one-year period would have expired on October 31, 2009.  Because that day was a Saturday, Mr. White automatically had until the following Monday (November 2, 2009) to file a federal habeas petition.  *See* Fed. R. Civ. P. 6(a).

[9] *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

[10] *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010) (holding that the habeas timeliness provision "is subject to equitable tolling" (citation omitted)).

prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). And, even when the circumstances are extraordinary, equitable tolling is only available when the petitioner has been diligent in the pursuit of his habeas claims. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2565 (2010). Under this standard, Mr. White bears a "'strong burden to show specific facts.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted).

Liberally construed, the petition includes an allegation of equitable tolling based on Mr. White's use of Thorizine, ignorance of the law, and lack of contact with an attorney during the ten days following the guilty plea. *See* Petition at pp. 4, 7. However, these allegations do not justify equitable tolling.

The Petitioner alleges that he was taking 300 milligrams of Thorizine at the time of his plea and that it "was not until long after [he] was off the Thorizne [sic] and he was able to function properly that he got into a Law Library" and discovered the alleged errors in the plea. *Id.* at p. 4. These claims are insufficient for equitable tolling.

The Tenth Circuit Court of Appeals "has yet to apply equitable tolling on the basis of mental incapacity." *McCall v. Wyoming Attorney General*, 339 Fed. Appx. 848, 850 (10th Cir. June 25, 2009) (unpublished op.) (citation omitted). Mental incapacity might theoretically justify equitable tolling,[11] but Mr. White's allegations would not suffice under any plausible test. The Petitioner states that the medication prevented him from

---

[11] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (assuming *arguendo* that an allegation of mental incapacity could justify equitable tolling).

5

understanding "everything going on around him." Petition at p. 4. Elsewhere, however, the Petitioner alleges that he would not have pled guilty if his attorney had explained the jury's role in determining punishment. *Id.* at p. 5. Mr. White also alleges that he signed the plea agreement on the belief that he otherwise "would never see the outside world again." *Id.* at p. 4. These representations suggest that despite the medication, Mr. White was able to understand the proceedings. In these circumstances, the Court should disallow equitable tolling based on the alleged effect of the Thorizine.[12]

The Petitioner also alleges that the "Ten Day Limit for Direct Appeal passed with no contact from [his] Attorney and no phone calls could be connected." Petition at p. 7. But even if the Court were to credit this allegation, it would not explain Mr. White's delay of over 500 days in filing his application for post-conviction relief.[13]

---

[12] *See Wiegand v. Zavares*, 320 Fed. Appx. 837, 839 (10th Cir. Apr. 7, 2009) (unpublished op.) (holding that a habeas petitioner's use of "psychoactive and tranquilizing medications" did not justify equitable tolling), *cert. denied*, __ U.S. __, 130 S. Ct. 471 (2009); *McCall v. Wyoming Attorney General*, 339 Fed. Appx. 848, 850 (10th Cir. June 25, 2009) (unpublished op.) (holding that equitable tolling was unavailable because the habeas petitioner had not explained or shown how his prescription medications prevented assertion of the underlying claim or reflected an inability to pursue the claim because of mental incapacity); *cf. Shafer v. Knowles*, 2003 WL 22127878, Westlaw op. at 2 (N.D. Cal. Aug. 14, 2003) (unpublished op.) (holding that a habeas petitioner's use of Thorizine for treatment of his illness did "not justify equitable tolling because he ha[d] not shown that the consumption of this medicine made him mentally incompetent so that he was unable to file his petition on time"); *Washington v. Maryott*, 492 P.2d 239, 244 (Wash. Ct. App. 1971) ("Where massive doses of thorizine did not impair defendant's ability to understand or assist in his defense, he was found competent to stand trial." (citation omitted)).

[13] *See Hicks v. Kaiser*, 203 F.3d 835, 2000 WL 27694, Westlaw op. at 2 (10th Cir. Jan. 14, 2000) (unpublished op.) (holding that the attorney's alleged abandonment of the petitioner, in the ten days following entry of a guilty plea, did not result in equitable tolling because his delay of over two years reflected a lack of diligence); *Harvey v. Addison*, 2010 WL 1078399, Westlaw op. at 3 (W.D. Okla. Feb. 9, 2010) (unpublished report and recommendation by magistrate judge, holding that the attorney's alleged abandonment after entry of a guilty plea did not merit equitable tolling

In his response, Mr. White argues in part that his underlying claims cannot be time-barred because they relate to jurisdiction.[14] The Petitioner's argument is flawed because the limitations period applies even when the petitioner alleges a lack of jurisdiction in state court. *See Jones v. Scott*, 216 F.3d 1087, 2000 WL 943350 (10th Cir. July 10, 2000) (unpublished op.) (applying Section 2244(d) when the petitioner had claimed loss of jurisdiction); *see also Shannon v. Liles*, Case No. CIV-02-1134-F, slip op. at 3 n.5 (W.D. Okla. Dec. 26, 2002) (holding that claims involving loss of state court jurisdiction do not trigger special treatment for purposes of the limitations period) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Jan. 13, 2003 (unpublished order by district judge); *accord Walker v. Calbone*, 2007 WL 845926 (N.D. Okla. Mar. 19, 2007) (unpublished op.).[15]

---

because the petitioner's wait of almost three years did not reflect diligence), *adopted*, 2010 WL 1078395 (W.D. Okla. Mar. 18, 2010) (unpublished order by district judge), *appeal dismissed*, 2010 WL 3245320 (10th Cir. Aug. 17, 2010) (unpublished op.).

[14] Mr. White stated in pertinent part:

> In answer to State's Report and Recommendation, the Petitioner would argue that the issues raised in his Application For Habeas Corpus Relief are not and cannot be related to, or barred by, the **Doctrine of Res Judicata** as they relate to . . . **jurisdictional** issues which according to State Statute and Constitutional Law, **may Never be Waived and/or Barred**.

"OBJECTION" to State's Report and Recommendation at p. 2 (Dec. 8, 2010) (emphasis in original).

[15] In *Walker v. Calbone*, the petitioner argued that the state district court had lost subject-matter jurisdiction based on a defective information. *See Walker v. Calbone*, 2007 WL 845926, Westlaw op. at 3 (N.D. Okla. Mar. 19, 2007) (unpublished op.). In advancing this argument, the petitioner reasoned that the issue of subject-matter jurisdiction could not be waived or forfeited. *See id.* The court rejected the argument, reasoning that "[n]either 28 U.S.C. § 2244(d) nor federal case law ma[de] such an exception for jurisdictional issues arising under state law." *Id.*

7

Mr. White also argues in his response that his claims cannot be time-barred because they "relate to evidence of **actual** and **factual innocence**." "OBJECTION" to State's Report and Recommendation at p. 2 (Dec. 8, 2010) (emphasis in original). "[A] sufficiently supported claim of actual innocence creates an exception to" the one-year period of limitations for habeas actions. *Lopez v. Trani*, __ F.3d __, 2010 WL 4923891, Westlaw op. at 3 (10th Cir. Dec. 6, 2010) (to be published). But Mr. White has not provided any support for his assertion of actual innocence. While he questions the validity of his guilty plea, he presents no cogent argument or evidence to suggest his actual innocence. In the absence of such evidence, Mr. White's bare assertion of actual innocence would not suffice to avoid the time-bar of 28 U.S.C. § 2244(d).[16]

Because the Petitioner cannot avoid the time-bar based on tolling or actual innocence, the limitations period expired on November 2, 2009. *See supra* p. 4. The filing of the habeas petition on October 8, 2010,[17] was over eleven months late. Consequently, the Court should grant the Respondent's summary judgment motion.

---

[16] *See*, *e.g.*, *Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (unpublished op.) (concluding that the habeas petition's "conclusory claim of actual innocence, especially in light of his plea of guilty in open court," would not suffice to avoid the time-bar in 28 U.S.C. § 2244(d) (citations omitted)).

[17] *See supra* p. 2 & note 4.

### Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by January 10, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[18]

### Status of the Referral

The present report serves to discharge the existing referral.

Entered this 22nd day of December, 2010.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[18] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").